**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| GLOBAL DYNAMIC ENTERPRISES, LLC and NAJMEH KERMANI, | § § § | |
| Plaintiffs, | § § | |
| | § | CASE NO:   2:16-cv-00276-WCO |
| v. | § § | |
| ECREATIVE GROUP, INC. d/b/a ENERGY & COMMODITIES GLOBAL, BRIAN JAMES LILLIE, ENTERPRISE HOLDINGS GROUP, LLC, and TRACY KAYE LILLIE, | § § § | |
| Defendants. | | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants eCreative Group, Inc. d/b/a Energy & Commodities Global ("ECG"), Brian James Lillie, Enterprise Holdings Group, LLC ("Enterprise") and Tracy Kaye Lillie (collectively, "Defendants") hereby remove the above-styled action from the Superior Court of Habersham County, Georgia to the United States District Court for the Northern District of Georgia, Gainesville Division.  In support of this Notice of Removal, Defendants respectfully show the Court as follows:

## BACKGROUND

1.      Plaintiffs Global Dynamic Enterprises, LLC ("Global Dynamic") and Najmeh Kermani (collectively, "Plaintiffs") initiated this action by filing a Complaint against Defendants ECG, Mr. Lillie, and Enterprise in the Superior Court of Habersham County, Georgia on November 1, 2016 (the "Complaint"), styled *Global Dynamic Enterprises, LLC and Najmeh Kermani v. eCreative Group, Inc. d/b/a Energy & Commodities Global, Brian James Lillie, and Enterprise Holdings Groups, LLC*, Case No. 16-cv-0583 (the "State Action").

2.      Plaintiffs also filed their First Amendment to Complaint (the "Amended Complaint") on November 1, 2016.  The Amended Complaint is identical to the original Complaint, except that the Amended Complaint names Tracy Kaye Lillie as an additional defendant.

3.      Defendants were served with a copy of the Complaint, Amended Complaint, and Summons on November 14, 2016.

4.      According to the Amended Complaint, the State Action arises from certain agreements between Global Dynamic and ECG that Plaintiffs claim entitle them to a commission of $1,000,000.  Specifically, Plaintiffs allege that:  ECG agreed to pay Global Dynamic a commission upon the sale and delivery of certain goods by ECG to a non-party buyer and the release of a bank guarantee to ECG;

610071210.1

although ECG and the buyer did not complete the sale and delivery of the goods and the bank guarantee was never released, Plaintiffs are nevertheless entitled to a commission; and Defendants have not paid the alleged commission.  (*See* Amended Compl. at ¶¶ 8-27.)

5.      The Amended Complaint asserts claims for fraud as to all Defendants (Count I, ¶¶ 28-37), conversion as to all Defendants (Count II, ¶¶ 38-43), breach of contract as to ECG (Count III, ¶¶ 44-46), negligent misrepresentation as to all Defendants (Count IV, ¶¶ 47-51), constructive trust and unjust enrichment as to all Defendants (Count V, ¶¶ 52-53), violation of the federal Racketeering Influenced and Corrupt Organizations Act (RICO) pursuant to 18 U.S.C. § 1961 *et seq.* as to all Defendants (Count VI, ¶¶ 54-58), violation of the Georgia Racketeering Influenced and Corrupt Organizations Act (RICO) pursuant to O.C.G.A. § 16-14-1 *et seq.* as to all Defendants (Count VII), punitive damages as to all Defendants (Count VIII, ¶¶ 65-66), and recovery of fees and costs (Count IX,  ¶¶ 67-68.)

6.      Defendants have not filed a responsive pleading to the Complaint or Amended Complaint in the Superior Court of Habersham County, Georgia.

7.      Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint, Amended Complaint, and all other process, pleadings, and orders served on Defendants in the State Action are attached hereto, collectively, as Exhibit A.

## GROUNDS FOR REMOVAL

**A.     This Court Is the Proper Venue for Removal.**

8.     The State Action was filed in the Superior Court of Habersham County, Georgia, which is embraced by the United States District Court for the Northern District of Georgia, Gainesville Division.    Pursuant to 28 U.S.C. § 1441(a), removal to this District and Division is proper.

**B.     Removal Is Timely.**

9.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of November 14, 2016, the date on which Defendants were first served with the Summons, Complaint, and Amended Complaint in this action.   Defendants did not otherwise receive a copy of the Complaint or Amended Complaint before November 14, 2016.

**C.     This Court Has Federal Question Jurisdiction In This Action.**

10.     This action is properly removed to this Court, and this Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1331 because certain of the claims asserted in the Amended Complaint arise under the laws of the United States.   Specifically, Count VI alleges a violation of the federal RICO statute, 18 U.S.C. § 1961 *et seq.*   Accordingly, there is federal question jurisdiction over this matter.

610071210.1

**D.      This Court Has Diversity Jurisdiction In This Action.**

11.      This action is properly removed to this Court, and this Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiffs and Defendants.

12.      Plaintiff Global Dynamic is a limited liability company organized under the laws of the State of Georgia and has its principal office in Cobb County, Georgia.  (Amended Compl. at ¶ 1.)

13.      Plaintiff Ms. Kermani is a resident of Cobb County, Georgia.  (*Id.* at ¶ 2.)  Upon information and belief, Ms. Kermani is a citizen of Georgia.

14.      Defendant ECG is a corporation organized under the laws of the State of Iowa with its principal office in Iowa. (*Id.* at ¶ 3.)

15.      Defendant Enterprise is a limited liability company organized under the laws of the State of North Carolina with its principal office in North Carolina. (The Amended Complaint incorrectly alleges that Enterprise is an Iowa limited liability company with its principal office in Iowa.  *See* Amended Compl. at ¶ 5.) None of Enterprise's members is a citizen of the State of Georgia.

16.      Defendant Brian Lillie is a resident and citizen of the State of North Carolina.  (*See id.* at ¶ 4.)

610071210.1

17.     Defendant Tracy Lillie is a resident and citizen of the State of North Carolina. (*See id.* at ¶ 6.)

18.     Diversity jurisdiction exists because the Plaintiffs are citizens of Georgia and the Defendants are citizens of Iowa and North Carolina. *See* 28 U.S.C. § 1332(a)(1).

19.     Plaintiffs seek "judgment in the amount of $995,000 in principal," plus $285,000 in pre-judgment interest, plus treble damages, punitive damages, and attorney's fees and expenses. (Amended Compl. at p. 17, Prayer for Relief.)

20.     The amount in controversy requirement is met because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" *See* 28 U.S.C. § 1332(a).

**E.     All Defendants Consent to Removal.**

21.     All Defendants in this action hereby join in and consent to the removal of the State Action to this Court.

**F.     Compliance with Notice Requirements.**

22.     Pursuant to 28 U.S.C. § 1446(d), Defendants are this day providing written notice of the filing of this Notice of Removal to all adverse parties and are filing a copy of this Notice of Removal with the Clerk of the Superior Court of Habersham County, Georgia.

610071210.1

23.     By removing this action to federal court, Defendants do not waive any available defenses nor admit any of the allegations in Plaintiffs' Complaint or Amended Complaint.

**WHEREFORE**, Defendants hereby remove the State Action pending in the Superior Court of Habersham County, Georgia to the United States District Court for the Northern District of Georgia, Gainesville Division.

Respectfully submitted this 9th day of December, 2016.

/s/ *Ian K. Byrnside*
S. DEREK BAUER
Georgia Bar No. 042537
IAN K. BYRNSIDE
Georgia Bar No. 167521
KEVIN D. BRADBERRY
Georgia Bar No. 532880
BAKER & HOSTETLER, LLP
1170 Peachtree Street, NE, Suite 2400
Atlanta, Georgia 30309-7676
Telephone: (404) 459-0050
Facsimile: (404) 459-5734
dbauer@bakerlaw.com
ibyrnside@bakerlaw.com
kbradberry@bakerlaw.com

7

610071210.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing **NOTICE OF REMOVAL** was served on

all counsel of record by email and by placing a copy of same in the United States

mail with sufficient postage affixed thereto, addressed as follows:

Rustin L. Smith
Stewart, Melvin & Frost, LLP
Suite 600, Hunt Tower
200 Main Street
P.O. Box 3280
Gainesville, Georgia 30503
rlsmith@smf-law.com

This 9th day of December, 2016.

/s/ *Ian K. Byrnside*
Ian K. Byrnside
Georgia Bar No. 167521

8

610071210.1